



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, Plaintiff, | Case No. 25 CR 177 |
| v. | Judge John R. Blakey |
| Brian Arflack, Respondent, | MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR PRODUCTION OF BRADY DISCOVERY |

MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONER'S MOTION FOR PRODUCTION OF BRADY DISCOVERY

FACTUAL BACKGROUND

For the Factual Background for this instant Memorandum of points and authorities, Defendant hereby realleges and incorporates by reference the allegations set forth in the attached declaration, as set forth herein by Defendant (Respondent), Brian Arflack.

ARGUMENT

1. AN ORDER SHOULD ISSUE OUT OF THIS HONORABLE COURT DIRECTING THE AGENCIES AND COMMANDING OFFICERS, TO DIVULGE TO AND TO GIVE THE ACCUSED IN THIS ACTION ALL BRADY MATERIAL AND EVIDENCE, BECAUSE ANY SUCH EVIDENCE IS RELEVANT AND MATERIAL TO THE ISSUE OF GUILT OR INNOCENCE IN THIS CASE, IS EXCULPATORY EVIDENCE, AND WILL GREATLY AID THE DEFENDANT IN HIS DEFENSE OF THIS INSTANT ACTION.

2. The United States, United State's Prosecutor's Office, FBI, DHS, all other Federal Agencies involved in the instant action, Attorney's and their Officer's Records and Information Sought by way of this Instant Motion are DISCOVERABLE in this Action because such Evidence is relevant-material to the Disputed Material Facts in this Case, and because such Evidence will greatly aid the Defendant in his defense in this Action.

3. A criminal defendant has the RIGHT to DISCOVER RELEVANT and MATERIAL EVIDENCE, even if said Evidence is in the form of Federal or Personnel Records regarding Complaints or Investigation of Complaints of Misconduct by Officers acting alone or in concert with others.

4. A criminal defendant has a RIGHT TO DISCOVERY of an officer's personnel records "based on the fundamental proposition that he [or she] is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accurate information."

5. An accused in a criminal prosecution may compel discovery by demonstrating that the information will facilitate the ascertainment of facts and a fair trial.

6. The requisite showing may be satisfied by general allegations which establish some cause for discovery other than "mere desire" for the benefit of all information

which has been obtained, under the custody, control and authority by the State in their investigation of the crime (alleged crime).

7. The affidavits may be a sole one by defense based on information and belief, and only needs to show that under the facts of the case, that government misconduct might have happened, and that the type of misconduct evidence sought be related to the defense of the action.

8. AN ORDER SHOULD ISSUE OUT OF THIS HONORABLE COURT DIRECTING, UNITED STATES PROSECUTOR'S OFFICE, ATTORNEYS, FBI, DHS, AND ALL OTHER FEDERAL AGENCIES (AND ANY AND ALL COUNTY, STATE, AND MUNICIPAL AGENCIES LOCATED ANYWHERE WHATSOEVER INVOLVED WITH OR CONTRIBUTING WORK-PRODUCT UTILIZED IN THE PRESENT ACTION) TO DIVULGE TO AND GIVE TO DEFENSE (DEFENDANT), THE INFORMATION AND EVIDENCE REQUESTED IN THIS INSTANT MOTION REGARDING ANY INTERNAL AFFAIRS INVESTIGATION AND/OR ADMINISTRATIVE INVESTIGATION OF THE CRIMINAL OR CIVIL INCIDENTS COMPLAINED OF IN THIS INSTANT ACTION.

9. To summarize, Defendant has established good cause for Brady discovery, entitling him to the trial court's in-chambers review of personnel records relating to intentional Brady violations, criminal conduct, withholding exculpatory evidence. In other words, Defendant has "satisfied" the criteria for discovery under Brady.

10. BECAUSE THE USUAL RESTRICTIONS OF INITIAL DISCOVERY, BRADY MOTIONS DO APPLY TO INVESTIGATIONS OF THE SAME INCIDENT OVER WHICH THE DEFENDANT IS BEING PROSECUTED FOR.

11. Moreover, even actual absolute privileges, such as attorney-client privilege and official information privilege must give way to discovery of internal affairs/ administrative, FBI, DHS and DOJ Criminal, Civil Rights and Due Process violation investigations of the same incident that the Defendant is being prosecuted for.

12. Absent some government requirements that the information be kept confidential for the purposes of law enforcement, the Court has no interest in denying the Accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. To the extent, criminal conspiracy and evidence concealed by the United States Prosecutor's Office (United States Prosecutors) and any information, evidence or otherwise purposely withheld by defense witness (or potential defense witness) is Brady evidence and was occurred in VIOLATION OF THE CONSTITUTION AND FEDERAL LAW.

13. The federal constitutional requirements that the government divulge any exculpatory evidence to a criminal defendant applies equally to impeachment evidence. Also as shown above, for discovery purposes the federal constitution does not differentiate between exculpatory evidence and impeachment evidence. As the statements of witnesses obtained by police authorities and investigative authorities are impeachment materials. This also applies to out-of-court declarants whom issue statements as de-facto witnesses, and can be regarded as such, as statements are impeachment materials.

14. The U.S. Supreme Court held: Brady v. Maryland (U.S. 1963) held that a prosecutor under the Fifth and Fourteenth Amendments has the duty to disclose favorable evidence upon request, if the evidence is "material" to either guilt or punishment.

15. United States v. Bagley (U.S. 1985): Refined Brady by holding that a prosecutors duty to disclose favorable evidence exists regardless of whether defendant makes a specific request. The Court said "favorable evidence" is "material" if there is a reasonable probability that disclosure of the evidence would have produced a different outcome. A "reasonable probability" is a "probability sufficient to undermine the confidence in the outcome."

16. Kyles v. Whitley (U.S. 1995): Accused entitled to a new trial because of the prosecution's failure to comply with the due process obligation to disclose material evidence favorable to the accused concerning his possible innocence of the crime because the net effect of the withheld raised a reasonable probability that the evidence's disclosure to competent counsel would have produced a different result.

17. Even if the prosecutor was not personally aware of the evidence, the "State" is not relieved of it's duty to disclose because "the State" includes, in addition to the prosecutor, other lawyers and employees in his office and members of the law.

18. Strickler v. Greene (U.S. 1999): Held that a Brady violation occurs when:
    (1) evidence is favorable to exculptation or impeachment;
    (2) the evidence is either willfully or inadvertently withheld by the prosecution; and
    (3) the withholding of the evidence is prejudicial to the defendant.

19. Cone v. Bell (U.S. 2009): Observed, without specifically holding, that a prosecutor's pre-trial obligations to disclose favorable or impeaching evidence, either guilt or punishment, "may arise more braodly under a prosecutor's ethical or statutory obligations" than requred by the Brady/Bagley post-conviction "materiality" standard of review. The Court distinguished the post-conviction setting where the reviewing court must make a constitutional determination of whether the withheld evidence is material to the prosecutor's pre-trial broader ethical obligations to disclose, which requires a "prudent prosecutor [to] err on the side of transparency, resolving doubtful questions in favor of disclosure."

20. Virgin Islands v. Fahie (3rd Cir. 2005): Prosecutorial "bad faith" is "probative to materiality" as well as relevant to determining a remedy.

21. Monroe v. Angelone (4th Cir. 2003): That while some Brady material which comes to light post-trial may not constitute a violation because of redundancy, this does not excuse [pre-trial] discovery obligations. While "materiality" may exist as a prosecutorial defense in the post-trial setting, it is not a license to make "materiality" determinations pre-trial.

22. United States v. Miller (5th Cir. 2008): Brady violation because witnesses' undisclosed testimony transcripts, notes on witness interviews, and immunity agreement would have impeached prosecution's crucial witness.

23. O'Hara v. Brigano (6th Cir. 2007): Brady violation because un-disclosed written statement by the victim could have been used to impeach victim's testimony.

24. Crivens v. Roth (7th Cir. 1999): Brady violation because failure to disclose crimes committed by Government witness is Brady.

25. United States v. Strifler (9th Cir. 1988): Brady violation when, after request by defendant, Government does not disclose information in probation file relevant to witness's credibility on ground that it was privileged.

26. Singh v. Prunty (9th Cir. 1998): Brady violation because of "favorable deal" given to a star witness and not disclosed.

27. United States v. Brooks (D.C. Cir. 1992): Brady violation if a specific request is made by defendant and Government does not search records of police officers/witnesses.

28. United States v. Cuffie (D.C. Cir. 1996): Brady violation because undisclosed evidence of a witness's prior perjury could have impeached witness, eventhough the witness had been impeached by a cocaine addiction, cooperation with prosecution, incentives tolie, and violation of oath as a police officer.

WHEREFORE, premises considered, Defendant prays this Honorable Court grant this Motion without delay. Defendant prays this Honorable Court STAY all proceedings until the United States Prosecutor's Office, Attorneys, FBI, DHS, any and all agencies ( (Federal, Municipal, County, State wherever located that contributed work-product to the United States Prosecutor's Office and Attorneys regarding the instant Case) come into FULL COMPLIANCE with this Brady Motion for any and all DUE PROCESS purposes.

Respectfully Submitted,

Brian Arflack #72653-511
MCC Chicago
71 W. Van Buren St.
Chicago, IL 60605

*Brian Arflack*

I, Brian Arflack, hereby swear under penalty of perjury that the information contained herein is true and accurate to the best of my knowledge on this 27th Day of October, 2025.

*Brian Arflack*



BRIAN ARFLACK #72653-511
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
CHICAGO, IL 60605

SPECIAL LEGAL MAIL

11/3/25 - 18

RECEIVED
NOV 08 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

U.S. DISTRICT COURT CLERK
(NORTHERN DIST. IL., EASTERN DIVISION)
THOMAS G. BRUTON
219 SOUTH DEARBORN ST.
CHICAGO, IL 60604